IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 1:09-cr-522 |
| | ) | |
| | ) | |
| MOSES U. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Moses U. Johnson's Motion for Reduction of Sentence. (Dkt No. 24.) In his motion, Mr. Johnson requests a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the amended sentencing guidelines applicable to offenses involving crack cocaine. The government filed a responsive brief in opposition to Mr. Johnson's motion, arguing that the amended guidelines do not affect Mr. Johnson's sentence because he was sentenced to the statutory minimum term of imprisonment . (Dkt. No. 27.) The issue before the Court is whether the 120-month sentence of imprisonment imposed in Johnson's case is eligible for reduction pursuant to 18 U.S.C. § 3582(c)(2). The Court finds that Johnson's sentence was a statutory mandatory minimum sentence outside the range prescribed by the Sentencing Guidelines for offenses involving crack cocaine. For this reason, Johnson is not eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

I.  **BACKGROUND**

On December 8, 2009, Mr. Johnson entered a plea of guilty for conspiracy to distribute at least 500 grams but less than 1.5 kilograms of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, an offense carrying a mandatory minimum term of imprisonment of ten years, 21 U.S.C. § 841(b) (2009). The Presentence Report ("PSR") completed in this case recommended Offense Level 34, based on the Drug Quantity Table contained in § 2D1.1(c) of the 2009 edition of the United States Sentencing Guidelines in effect at the time, and a three-level reduction of Offense Level to 31 for acceptance of responsibility pursuant to § 3E1.1. Application of Offense Level 31 with the recommended Criminal History Category II resulted in a recommended guideline range of 121 to 151 months. *See* U.S.S.G. Ch. 5, Pt. A ("Sentencing Table") (2009). On February 26, 2010, the Court sentenced Johnson to a 120-month term of imprisonment, the statutory mandatory minimum sentence. *See* 21 U.S.C. § 841(b).

The Sentencing Commission has subsequently reduced the base offense levels applicable to offenses involving various quantities of crack as listed in the Drug Quantity Table contained in § 2D1.1(c) ("Crack Guidelines"). *See* U.S.S.G. Appx. C, Amend. 750, Part A (2011). This amendment, Part A of Amendment 750, is retroactive and may serve as grounds for a reduction of sentence in appropriate cases. In his Motion for Reduction of Sentence, Johnson requests a reduction of sentence based on the amended Crack Guidelines.

II.  **DISCUSSION**

The Court denies Johnson's Motion for Reduction of Sentence because Part A of Amendment 750 is inapplicable to Johnson's 120-month sentence, the mandatory minimum.

Under 18 U.S.C. § 3582(c), a federal court generally lacks authority to "modify a term of imprisonment once it has been imposed." However, subsection (c)(2) permits a court to reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement, contained in § 1B1.10 of the Sentencing Guidelines, provides that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (2011); *see also* § 1B1.10(c).

The Sentencing Commission has reduced the base offense levels applicable to offenses involving various quantities of crack as listed in the Drug Quantity Table contained in § 2D1.1(c). This amendment, Part A of Amendment 750, is listed in § 1B1.10(c) and is therefore retroactive and may serve as grounds for a reduction of sentence in appropriate cases. However, "a defendant is ineligible for a reduced sentence if 'the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.'" *U.S. v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010) (quoting U.S.S.G. § 1B1.10 cmt. n.1 (2008)). For instance, a sentence based on a statutory mandatory minimum is not "based on" a sentencing range lowered by amendments to the Sentencing Guidelines and is therefore ineligible for reduction pursuant to 18 U.S.C. § 3582(c)(2). *U.S. v. Hood*, 556 F.3d 226, 233 (4th Cir. 2009).

The retroactive amendment does not apply to Mr. Johnson's case because his sentence resulted from the operation of 21 U.S.C. § 841(b), which prescribed a mandatory minimum sentence of 10 years' imprisonment. The Court did not apply a guideline range based on the

3

provisions § 2D1.10 of the Sentencing Guidelines in sentencing Johnson. Because Johnson's sentence was not "based on" the Drug Quantity Table in place at the time of his sentencing, Part A of Amendment 750 does not have the effect of lowering Johnson's guideline range. For these reasons, Johnson is not eligible for a reduction of sentence, and his motion must be denied.

### III. CONCLUSION

The Court holds that Defendant Moses U. Johnson is not eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Mr. Johnson fails to cite any applicable authority that grants this Court the jurisdiction to reduce his sentence. For this reason, it is hereby

ORDERED that Defendant's Motion for Reduction of Sentence is DENIED.

The Clerk is directed to forward a copy of this Order to Defendant and to counsel of record.

ENTERED this _30th_ day of April, 2012.

Alexandria, Virginia

4/30/12

           /s/
Gerald Bruce Lee
United States District Judge